**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGELO B. PERRY, | : | |
| | | Civil Action No. 05-2250 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| JONATHAN C. MINER, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Angelo B. Perry
#84128-020
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, District Judge

    Petitioner Angelo B. Perry, a federal prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which he is confined.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I. BACKGROUND

The following background facts are taken from the Petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On June 7, 1993, Petitioner pleaded guilty in the U.S. District Court for the Middle District of Georgia to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a). On November 8, 1993, he was sentenced to a term of imprisonment of 163 months, pursuant to which he remains confined.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied. The denial was affirmed on appeal to the Court of Appeals for the Eleventh Circuit. In its opinion, entered March 17, 1997, the Court of Appeals described the evidence supporting his conviction, including some evidence which Petitioner states was not included in the indictment or provided to his counsel before Petitioner entered his guilty plea.

On April 27, 2005, this Court received Petitioner's § 2241 habeas Petition, dated April 23, 2005, alleging (1) that his

guilty plea was not made knowingly and voluntarily, because he was not aware of the information referred to by the Court of Appeals in its March 17, 1997, opinion and (2) that his sentence is illegal, because it is based upon information contained in the pre-sentence report, respecting the nature of the conspiracy and the amount of cocaine involved in the conspiracy, that he did not admit to during the guilty plea and that were not found by a jury beyond a reasonable doubt.[2]  Petitioner cites United States v. Booker, 125 S.Ct. 738 (2005), in support of his argument that the mandatory minimum sentence imposed pursuant to the U.S. Sentencing Guidelines is invalid.[3]

Petitioner has filed two Motions for leave to file an Amended Petition, (Docket Entries Nos. 2, 4), neither of which

---

[2] Petitioner has filed at least 24 prior § 2241 petitions in this Court.  See Perry v. Miner, Civil Action No. 04-775 (JEI) (D.N.J. March 10, 2004) (Order denying Petition, Docket Entry No. 3, Exhibit A).

[3] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted.)  Most recently, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

raises claims different from those asserted in the original Petition. Accordingly, the motions for leave to file amended petitions will be denied.

In addition, Petitioner has moved (Docket Entry No. 8) to alter or amend this Court's Order entered July 21, 2005, denying the Motion for Bail. This Court's disposition of the Petition renders this motion moot.

## II. ANALYSIS

### A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d

4

Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claims

Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive

5

law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).

Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.). In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[4]

Petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[5] which must be filed in the district of

---

[4] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[5] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

7

conviction, and over which this Court lacks jurisdiction.[6]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Eleventh Circuit, as a request for leave to file a second or successive § 2255 motion.  The Court of Appeals for the Eleventh Circuit has held that Booker does not apply retroactively to cases on collateral review.  In re Anderson, 396 F.3d 1336 (11th Cir. 2005).  In addition, Petitioner has indicated that the claim that his guilty plea was not entered knowingly and voluntarily is based upon facts that became known to him no later than 1997, substantially more than one year before this Petition was submitted.

---

[6] The Court notes that, even if it possessed jurisdiction over Petitioner's Booker claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), petition for cert. filed (Aug. 5, 2005) (No. 05-5769).

8

III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  All pending Motions will be denied.  An appropriate order follows.

                                            **s/ Jerome B. Simandle**
                                            Jerome B. Simandle
                                            United States District Judge

Dated:  September 9, 2005